IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**GREGORY PERRY,**

    **Plaintiff,**

v.                                                             Civil Action No. 3:16cv323

**SAFECO,**

    **Defendant.**

## MEMORANDUM OPINION

This matter comes before the Court on what amounts to six motions: (1) *pro se* Plaintiff Gregory Perry's Motion for Default Judgment, (ECF No. 1-3); (2) Perry's Motion for Judicial Estoppel or Issue Preclusion, (ECF No. 1-3); (3) Perry's Motion to Strike, (ECF Nos. 1-3, 4);[1] (4) Perry's Motion Craving Oyer, (ECF No. 1-3); (5) Perry's Motion to Remand, (ECF No. 5); and, (6) Safeco's Demurrer (the "Partial Motion to Dismiss"),[2] (ECF No. 1-2).

---

[1] Perry first filed the Motion to Strike in the Circuit Court for Hanover County, Virginia (the "State Court"), seeking to strike Defendant Safeco's Demurrer. (ECF No. 1-3.) After removal, Perry filed a "Response to and Motion to Strike Demurrer." (ECF No. 4.) The Court addresses both filings, collectively, as Perry's Motion to Strike.

[2] Under Federal Rule of Civil Procedure 81(c)(2), when a case is removed, "repleading is unnecessary unless the court orders it." Fed. R. Civ. P. 81(c)(2). Accordingly, "after removal, the demurrer filed in state court will be treated as the federal equivalent—a motion to dismiss for failure to state a claim." *Morgan v. Wal-Mart Stores E., LP*, No. 3:10cv669, 2010 WL 4394096, at *2 (E.D. Va. Nov. 1, 2010); *see also McCray v. Ardelle Assocs. Inc.*, No. 4:14cv158, 2015 WL 3886318, at *3 (E.D. Va. June 23, 2015) ("The obvious implication of this language is that a party need not refile pending state motions in the federal court."). In federal court, Federal Rule of Civil Procedure 12(b)(6) governs motions to dismiss. Federal Rule of Civil Procedure 12(b)(6) allows dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

    Because Safeco's Demurrer seeks to dismiss only Count II of Perry's Complaint, the Court will refer to it as the Partial Motion to Dismiss.

Four of the pending motions—the Motion for Default Judgment, the Motion for Judicial Estoppel or Issue Preclusion, the Motion Craving Oyer, and the Partial Motion to Dismiss—were filed in the State Court. The other two motions were filed in this Court. Safeco has responded to the Motion to Remand, (ECF No. 6), and the Motion to Strike, (ECF No. 7). Perry has not replied to those responses, and the time to do so has expired. Perry has responded to the Partial Motion to Dismiss. (ECF No. 3.) Safeco has not replied to Perry's response to the Partial Motion to Dismiss, and the time to do so has expired. Accordingly, the matters are ripe for disposition. The Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process.

For the reasons that follow, the Court will deny the Motion for Default Judgment, the Motion for Judicial Estoppel or Issue Preclusion, the Motion to Strike, the Motion Craving Oyer, and the Motion to Remand. The Court will grant the Partial Motion to Dismiss.

## I. Factual and Procedural Background

### A. Procedural Background

Perry filed his Complaint in the State Court, alleging three counts against Safeco: (1) Breach of Implied Covenant of Good Faith and Fair Dealing; (2) Tortious Interference with Contract Relations and Business Expectancies; and, (3) Breach of Contract and Bad Faith Claims Settlement. (Compl., ECF No. 1-1.) Safeco removed the case to this Court pursuant to

28 U.S.C. §§ 1441[3] and 1446.[4] Safeco asserts diversity jurisdiction under 28 U.S.C. § 1332[5] as its basis for removal.

Prior to removal, Safeco filed a Demurrer, on behalf of itself *and* General Insurance Company of America ("General"), seeking to dismiss Perry's Count II with prejudice. (Demurrer, ECF No. 1-2.) Safeco contends that General is the proper defendant in this case. (*Id.* at 1.) Perry then filed three motions contemporaneously: his Motion for Default Judgment; his Motion for Judicial Estoppel or Issue Preclusion; and, his Motion to Strike (collectively, the "Failure to Respond Motions"). Each of Perry's filings rests on the contention that Safeco, as the defendant in the case, cannot rely on the responsive pleadings of General, a non-party. Perry also filed his Motion for Craving Oyer.[6]

Following removal, Perry filed a "Response to and Motion to Strike Demurrer," again suggesting that the Partial Motion to Dismiss was filed, not by Safeco, but by a non-party to the action. (ECF No. 4.) Perry also contends that the Complaint sufficiently states a claim for

---

[3] Section 1441(a) provides, in pertinent part:

[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

[4] Section 1446 governs the procedure for removing civil actions from a state court.

[5] Section 1332 confers subject matter jurisdiction when the parties are diverse and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

[6] In federal court, no procedural device analogous to the Motion for Craving Oyer exists. "In Virginia procedure, a motion craving oyer allows a party to demand production of a document referenced in a pleading, thus incorporating that document into the pleading itself." *Eversole v. Ford Motor Co.*, No. 3:11cv428, 2012 WL 1161420, at *3 n.5 (E.D. Va. Apr. 6, 2012) (citing *Wards Equip., Inc. v. New Holland N. Am., Inc.*, 493 S.E.2d 516, 518 (Va. 1997)). Absent a federal basis for Perry's request, the Court will deny the Motion for Craving Oyer.

3

tortious interference with contract relations and business expectancies. Safeco responded to the Motion to Strike, asserting that Perry cannot meet the high burden needed for striking a pleading. (Opp'n to Pl.'s Mot. Strike, ECF No. 7.) That same day, Perry filed a Motion to Remand pursuant to 28 U.S.C. § 1447, arguing that Safeco cannot remove a case in order to "escape a default judgment." (Mot. Remand 2, ECF No. 5.) Safeco opposed the Motion to Remand, indicating that it filed the Partial Motion to Dismiss "on behalf of both entities." (Opp'n to Pl.'s Mot. Remand 2, ECF No. 6.)

### B. Summary of Allegations in the Complaint[7]

Perry brings this action against Safeco, his former automobile insurer, for claims arising from a 2011 house fire in the County of Hanover, Virginia.

On or about December 14, 2011, Perry's residence caught fire in the garage area, where Perry had parked his 2010 Honda Pilot Touring Edition (the "Sport Utility Vehicle" or "SUV"). The fire caused significant damage to the SUV. At the time, the SUV was fully covered by Perry's automobile insurance policy with Safeco. Perry submitted a claim to Safeco for the damage.

On or about December 15, 2011, Safeco dispatched a towing company to Perry's then-condemned residence and removed the SUV to an unknown location. Without Perry's consent, a repair company "irrigate[ed] the interior of the [SUV] with ozone, in an attempt at remedying the smoke damage done to the [SUV] which had sat in the epicenter of the fire for over an hour period of time." (Compl. ¶ 9.) That company also used aftermarket parts to fix the SUV and painted the front of it "to conceal the warping and discoloration from the fire." (Id. ¶ 10.) While

---

[7] For purposes of the Partial Motion to Dismiss, the Court will assume the well-pleaded factual allegations in the Complaint to be true and will view them in the light most favorable to Perry. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

the SUV was being repaired, Safeco provided Perry with a rental car. But when Perry asked the repair shop about the status of his SUV, Safeco canceled his rental car benefits.

Safeco eventually returned the SUV to Perry. Perry, however, refused to accept it because Safeco had sent his car to its preferred repair shop without his consent, and he otherwise had no input in the repair process. The repairs did not restore the SUV to its pre-fire condition. The interior of the SUV smelled of smoke, the exterior of the SUV had mismatched paint, the vendor had used aftermarket parts, and the engine bay still had corrosion and rust caused by the fire. Nonetheless, Safeco refused to honor any replacement value claim. Perry then filed a claim with his homeowner's insurance carrier, Main Street America Group, which refused to open a claim for damages to Perry's vehicle. Safeco subsequently refused Perry's request to initiate subrogation proceedings against Main Street America Group.

Perry ultimately paid for an independent inspection of the SUV, which revealed "a diminished value appraisal based upon the shoddy workmanship exhibited by the repairs." (*Id.* ¶ 18.) Perry submitted the diminished value appraisal to Safeco for consideration, but Safeco again refused to pay Perry's claims. After a few weeks, Safeco presented Perry with a partial payment that covered the payoff value of the SUV's outstanding loan balance. Safeco also required Perry to sign over the SUV's title.

Perry alleges that, as a result, he: (1) lost his SUV, upgrades made to the SUV, and equity accrued in the SUV; (2) could not resume his profession and business; (3) suffered irreparable damage to his credit after defaulting on his financial obligations; and, (4) was evicted from the house he had agreed to purchase.

5

## II. Analysis: The Motion to Remand

Before addressing Safeco's Partial Motion to Dismiss, the Court must first determine whether Safeco properly removed Perry's Complaint to this Court. If not, remand is appropriate, and the State Court must decide the other pending motions.

### A. Standard for Removal and Remand

Under 28 U.S.C. § 1441(a), a defendant may remove a civil action to a federal district court if the plaintiff could have originally brought the action in federal court. 28 U.S.C. § 1441(a). Section 1446 delineates the procedure for removal, including the requirement that the defendant file a notice of removal in the district court and the state court. *See* 28 U.S.C. §§ 1446(a), (d).

"A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district of the United States for the district and division within which such action is pending a notice of removal . . . ." 28 U.S.C. § 1446(a). "When a civil action is removed under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." § 1446(b)(2)(A). The state court loses jurisdiction upon the removal of an action to federal court. 28 U.S.C. § 1446(d) ("[T]he State court shall proceed no further unless and until the case is remanded.").

"The party seeking removal bears the initial burden of establishing federal jurisdiction." *Abraham v. Cracker Barrel Old Country Store, Inc.*, No. 3:11cv182, 2011 WL 1790168, at *1 (E.D. Va. May 9, 2011) (citing *Mulcahey v. Columbia Organic Chem. Co.*, 29 F.3d 148, 151 (4th Cir. 1994)). No presumption favoring the existence of federal subject matter jurisdiction exists because federal courts have limited, not general, jurisdiction. *Id.* (citing *Pinkley Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999)). Courts must construe removal jurisdiction

strictly. *Id.* (citing *Mulcahey*, 29 F.3d at 151.) "'If federal jurisdiction is doubtful, a remand is necessary.'" *Id.* (quoting *Mulcahey*, 29 F.3d at 151.)

### B. Safeco Properly Removed this Action to this Court

Safeco properly removed Perry's case to this Court under 28 U.S.C. § 1446, which states that "[a] defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district of the United States for the district and division within which such action is pending a notice of removal . . . ." 28 U.S.C. § 1446(a); *see also id.* § 1446(b)(2)(A) ("When a civil action is removed under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.").

Perry argues that, for removal to have been proper, Safeco was required to obtain consent from General. Perry now contends—despite being the master of his own complaint—that General is an "indispensable party." (Mot. Remand 1.) The only defendant Perry served, however, was Safeco, not General. Neither Perry nor Safeco has joined General as a defendant. While Safeco references General in its Partial Motion to Dismiss, Perry cannot establish that General has been made a party to this case. Thus, Safeco did not need to obtain consent from General, a nonparty to this action, before removing this case to federal court. Because Safeco constitutes the only defendant in this case, Safeco's removal does not contravene the plain language of 28 U.S.C. § 1446. The Court will deny Perry's Motion to Remand.[8]

---

[8] Perry does not argue that this Court does not have original jurisdiction over the Complaint. Nor could he. Perry is a citizen of the Commonwealth of Virginia. Safeco is incorporated under the laws of the State of New Hampshire and has its principal place of business in the State of Massachusetts. Therefore, the parties are diverse, and diversity jurisdiction is appropriate if the amount in controversy exceeds $75,000. Under 28 U.S.C. § 1446(c)(2), "[i]f removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." In his Complaint, Perry seeks $1,270,000 of actual damages and $350,000 of punitive damages.

7

### III. Analysis: The Failure to Respond Motions

Perry's Failure to Respond Motions—his Motion for Default Judgment, his Motion for Judicial Estoppel or Issue Preclusion, and his Motion to Strike—all rely on the premise that Safeco failed to respond to the Complaint because it only filed the Partial Motion to Dismiss and Answer on behalf of General, a non-party. This position misconstrues Safeco's responsive pleading.

In its Partial Motion to Dismiss and Answer, Safeco provides: "Defendant [General], by counsel, pursuant to Virginia Code § 8.01-273, states as follows for its [Partial] Demurrer to Count II to [Perry's] Complaint . . . ." (Partial Motion to Dismiss 1, ECF No. 1-2.) A footnote to Safeco's reference to "General," however, clarifies that Safeco brings the Partial Motion to Dismiss and Answer on behalf of itself and General.[9] (*Id.* at 1 n.1.) The footnote states: "General is the proper defendant in this case, not Safeco, as General issued the insurance policy in question. *Since [Perry] sued Safeco, this [Partial] Demurrer and Answer is filed on behalf of both entities and 'General' as used in this Demurrer and Answer refers to both entities.*" (*Id.*) Because Safeco plainly filed the Partial Motion to Dismiss and Answer on its own behalf, the Court cannot find Safeco in default. The Court likewise cannot estop Safeco from defending against Perry's claims. Nor can the Court strike pleadings filed by Safeco. The Court will deny Perry's Failure to Respond Motions.

---

[9] Safeco does not indicate a basis for making a filing on behalf of a non-party to this lawsuit, nor can the Court find one. Perry, nonetheless, seems to agree that General should be a party to this action. That said, Perry has made no effort to bring suit against General. The Court will allow Perry to amend his Complaint to the extent he can establish that General is a proper defendant (if not *the* proper defendant), as even Safeco suggests.

8

## IV. Analysis: The Motion to Dismiss

Safeco's Demurrer seeks to dismiss only one count, Count II, for failure to state a claim. Count II alleges tortious interference with contractual relations and business expectancies. Although Safeco filed the Partial Motion to Dismiss in the State Court, this Court assesses it under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Because Perry does not allege the interference of a contractual relationship or business expectancy, Count II fails to state a claim and must be dismissed.

### A. Motion to Dismiss Standard

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (omission in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Instead, a plaintiff must assert facts that rise above speculation and conceivability to those stating a claim that is "plausible on

9

its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citations omitted).

"If, on a motion under Rule 12(b)(6) . . . , matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d); *see Laughlin v. Metro. Wash. Airports Auth.*, 149 F.3d 253, 260–61 (4th Cir. 1998); *Gay v. Wall*, 761 F.2d 175, 177 (4th Cir. 1985). However, "a court may consider official public records, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint [without converting a Rule 12(b)(6) motion into one for summary judgment] so long as the authenticity of these documents is not disputed." *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396–97 (4th Cir. 2006) (citing *Alt. Energy, Inc. v. St. Paul Fire & Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir. 2001); *Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 618 (4th Cir. 1999); *Gasner v. Cty. of Dinwiddie*, 162 F.R.D. 280, 282 (E.D. Va. 1995)).

### B. Perry Fails to State a Claim on Count II

Because Perry fails to state a claim for tortious interference with a contract or business expectancy, the Court will dismiss Count II. To state a claim for tortious interference with a contract or a business expectancy, Perry must allege the following: "(1) [he] had a contract [or business] expectancy; (2) [Safeco] knew of the expectancy; (3) [Safeco] intentionally interfered with the expectancy; (4) [Safeco] used improper means or methods to interfere with the

expectancy; and[,] (5) [Perry] suffered a loss as a result of [Safeco's] disruption of the contract expectancy." *Preferred Sys. Sols., Inc. v. GP Consulting, LLC*, 732 S.E.2d 676, 688 (Va. 2012).[10]

In the Complaint, Perry alleges that Safeco knew of Perry's "engage[ment] in the business of high technology training products and services, including his authoring and marketing of educational publications used by large companies and corporations to train their employees and contractors with." (Compl. ¶ 28.) Perry also asserts that Safeco knew of Perry's need "to commute from place-to-place in the course and scope of his daily professional engagements, with travel being a key requirement for his special vocation." (*Id.* ¶ 29.) In spite of this knowledge, Perry contends, Safeco "decided to engage in roughshod and bad faith legal maneuvering to deny [his] claims for a replacement automobile under his full coverage insurance policy, while at the same time discontinuing all of his rental vehicle benefits thus resulting in the damage to his profession and business assets." (*Id.* ¶ 31.) In essence, Perry advances an attenuated theory linking Safeco's purported failure to honor the insurance agreement to Perry's lost business.

Even assuming that Perry plausibly alleges the other elements of his tortious interference claim, he fails to assert that: (1) Safeco acted intentionally; and, (2) Safeco used improper means or methods to interfere with a contract or business expectancy. First, Perry does not contend that Safeco *intentionally* interfered with his business expectancies. In fact, he claims that Safeco

---

[10] Perry does not identify any specific contracts interfered with and, instead, asserts interference with "business *endeavors*" and "contractual *relationships* and business *expectancies*." (Compl. ¶¶ 29, 31 (emphases added).) Accordingly, this Court applies the legal standard applicable to contracts terminable at will. *See Maximus, Inc. v. Lockheed Info. Mgmt. Sys. Co.*, 493 S.E.2d 375, 378 (Va. 1997) ("The virtual identity of interests and the legal ability to enforce those interests in a contract terminable at will and a contract or business expectancy lead to the conclusion that the level of protection afforded, and the elements of the cause of action, should also be the same.").

11

denied Perry's insurance claims "*[d]espite* . . . knowledge of [Perry's] contractual relationships and business expectancies." (*Id.* ¶ 31.) As a result, Perry's Complaint merely asserts that Safeco acted in spite of the contract or business expectancies, not that Safeco "intentionally interfered with the [contract or business] expectanc[ies]." *Preferred Sys. Sols., Inc.*, 732 S.E.2d at 688.

Second, the sole improper method or means Perry claims Safeco undertook was its purported failure to honor the terms of the insurance contract. While improper methods or means need not be "inherently illegal or tortious," settled law makes clear that the breach of a contract cannot, itself, constitute an improper method or means. *See Preferred Sys. Sols., Inc.*, 732 S.E.2d at 688. Instead, "[i]mproper methods or means generally involve violence, threats or intimidation, bribery, unfounded litigation, fraud, misrepresentation or deceit, defamation, duress, undue influence, misuse of inside or confidential information, breach of a fiduciary relationship, violation of an established standard of a trade or profession, unethical conduct, sharp dealing, overreaching, or unfair competition." *Id.* Perry makes no allegations that Safeco committed any such improper acts when it purportedly breached the insurance contract. Perry's conclusory use of descriptive terms such as "roughshod" and "bad faith legal maneuvering," (Compl. ¶ 31), simply do not satisfy the pleading standard required by federal courts. *See Twombly*, 550 U.S. at 555 (explaining that plaintiffs cannot satisfy pleading standard by alleging only "labels and conclusions").

Accordingly, Perry fails to state a claim for which relief can be granted on his claim for tortious interference with a contract or business expectancy. The Court will dismiss Count II.

### V. Conclusion

For the foregoing reasons, the Court will deny the Motion for Default Judgment, the Motion for Judicial Estoppel or Issue Preclusion, the Motion to Strike, the Motion Craving Oyer,

and the Motion to Remand. The Court will grant the Partial Motion to Dismiss, dismissing Count II of the Complaint. The Court will also grant Perry leave to file an amended complaint.

/s/ 
M. Hannah Lauck
United States District Judge

Richmond, Virginia
Date: 2/16/17